Argued and submitted September 7, affirmed October 17, 2007

## WORKING RX, INC.,
*Petitioner,*

*v.*

## LIBERTY NORTHWEST INSURANCE CORPORATION,
Department of Consumer and Business Services,
Kathryn A. Ping,
and Tillamook School District No. 9,
*Respondents.*

Department of Consumer and Business Services
H05048; A129914

171 P3d 383

James W. Moller argued the cause and filed the briefs for petitioner.

David O. Wilson argued the cause and filed the brief for respondents Liberty Northwest Insurance Corporation and Tillamook School District No. 9.

Richard D. Wasserman, Attorney-in-Charge, Civil/ Administrative Appeals Unit, waived appearance for respondent Department of Consumer and Business Services.

No appearance for respondent Kathryn A. Ping.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

**PER CURIAM**

Petitioner seeks review of an order of an administrative law judge (ALJ) determining that respondent Liberty Northwest Insurance Corporation was not liable for payment to petitioner for medications dispensed by the Tillamook Fred Meyer pharmacy (Fred Meyer) to a workers' compensation claimant from December 15, 2003 through May 12, 2004.[1] Petitioner did not preserve before the ALJ a contention that is essential to its success on judicial review. Accordingly, we affirm.

The underlying circumstances in this payment dispute are arcane, and a detailed recitation of those circumstances would not benefit the bench, bar, or public. It suffices to say that, before the ALJ, petitioner contended that respondent was required to pay petitioner for the medications dispensed by Fred Meyer because petitioner was a "[m]edical [p]rovider" within the meaning of OAR 436-010-0005(29) or an "agent" of such a provider. The ALJ rejected those contentions. On judicial review, petitioner does not dispute that determination; rather, petitioner contends that, even if it was not a "medical provider" or an "agent" of Fred Meyer, it was an "assignee" of Fred Meyer's right to payment and, as such, was entitled to be paid by respondent. Petitioner acknowledges that, to prevail on judicial review, it must prevail on that contention.

Respondent counters, and we agree, that that contention was not raised and preserved for the ALJ's consideration. Arguing that one is entitled to payment as an "agent" is qualitatively different from arguing an entitlement to payment as an "assignee." Nor did petitioner's contentions as to the former reasonably alert the ALJ that petitioner was, alternatively, asserting the latter. In sum, petitioner failed to preserve a contention that is essential to its success on judicial review.

Affirmed.

---

[1] Although there are several party respondents in this matter, "respondent" in the balance of this opinion refers solely to Liberty Northwest.